Joshua D. Brinen
BRINEN & ASSOCIATES, LLC
90 Broad Street, Second Floor
New York, New York 10004
(212) 330-8151 (Telephone)
(212) 227-0201 (Fax)
jbrinen@brinenlaw.com
Attorneys for Petitioner First Capital Real Estate Investments, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

─────────────────────────────────────────

First Capital Real Estate Investments, LLC, a
California Limited Liability Company             :   Civil Action No.

       Petitioner,

v.

SDDCO Brokerage Advisors, LLC,  Financial
Industry Regulatory Authority

       Respondent.

─────────────────────────────────────────

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S VERIFIED PETITION
TO VACATE THE ARBITRATION AWARD**

Joshua D. Brinen
Brinen & Associates, LLC
90 Broad Street, Second Floor
New York, New York 10004
(212) 330-8151 (Telephone)
(212) 227-0201 (Fax)
jbrinen@brinenlaw.com
Attorneys for Petitioner First Capital
Real Estate Investments, LLC

# Table of Contents

Table of Authorities ........ ii

Preliminary Statement ........ 1

Facts ........ 1

Arguments ........ 4

The Federal Arbitration Act Empowers This Court To Set Aside The Wrongful Arbitration Award. ........ 4

THE FEDERAL ARBITRATION ACT EMPOWERS THIS COURT TO SET ASIDE THE WRONGFUL ARBITRATION AWARD WHICH AROSE FROM THE APPLICATION OF THE SERIES 13000 OF FINRA RULES. ........ 5

THE FEDERAL ARBITRATION ACT EMPOWERS THIS COURT TO SET ASIDE THE WRONGFUL ARBITRATION AWARD WHICH AROSE FROM THE APPOINTMENT OF ARBITRATORS IN VIOLATION OF FINRA RULES. ........ 7

THE FEDERAL ARBITRATION ACT EMPOWERS THIS COURT TO SET ASIDE THE WRONGFUL ARBITRATION AWARD WHEN ARBITRATORS SANCTIONED THE PETITIONER ON THE FIRST DAY OF THE ARBITRATION IN VIOLATION OF FINRA RULES. ........ 13

Conclusion ........ 14

## TABLE OF AUTHORITIES

Page

Cases

*AT&T Technologies, Inc. v. Communications Workers of America*,
475 U.S. 643, 89 L. Ed. 2d 648, 106 S. Ct. 1415 (1986) ................................................... 4, 5, 12

*Avis Rent A Car Sys. Inc. v. Garage Employees Union, Local 272*,
791 F.2d 22 (2d Cir. 1986) ................................................................................................. 5, 6, 12

*Cargill Rice, Inc. v. Empresa Nicaraguense Dealimentos Basicos*,
25 F.3d 223, 226 (4th Cir. 1994) ................................................................................................. 5

*Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*,
403 F.3d 85 (2d Cir 2005) ....................................................................................... 4, 6, 7, 12, 14

*MacDonald v CashCall, Inc.*,
2018 U.S. App. LEXIS 4795 (3d Cir Feb. 27, 2018, No. 17-2161) ...................................... 5, 12

Statutes

9 USC § 5 .................................................................................................................................. 4, 12

9 USC § 10 ................................................................................................................................ 4, 12

Other Authorities

FINRA Rule 13200 ......................................................................................................................... 5

FINRA Rule 13100(b) .................................................................................................................... 6

FINRA Rule 13100(r) ..................................................................................................................... 9

FINRA Rule 13100(q) .................................................................................................................... 6

FINRA Rule 13100(x) ................................................................................................................ 9, 12

FINRA Rule 13401 ......................................................................................................................... 7

FINRA Rule 13402 ...................................................................................................................... 7, 8

FINRA Rule 13503 .................................................................................................................. 13, 14

Joshua D. Brinen
BRINEN & ASSOCIATES, LLC
90 Broad Street, Second Floor
New York, New York 10004
(212) 330-8151 (Telephone)
(212) 227-0201 (Fax)
jbrinen@brinenlaw.com
Attorneys for Petitioner First Capital Real Estate Investments, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| First Capital Real Estate Investments, LLC, a California Limited Liability Company | : : : | Civil Action No. 18-cv-2013 |
| Petitioner, | : : | |
| v. | : : | |
| SDDCO Brokerage Advisors, LLC,   Financial Industry Regulatory Authority, Inc. | : : : | |
| Respondent. | : : | |

**Preliminary Statement**

1.      Petitioner First Capital Real Estate Investments, LLC, (the "Petitioner") seeks an Order vacating the Financial Industry Regulatory Authority, Inc. (FINRA) Dispute Resolution Award, (the "Award") dated February 2, 2018, and served on February 6, 2018, rendered by the Arbitrators in favor of Respondent SDDCO Brokerage Advisors, LLC, (the "Respondent"), and against Petitioner, in the amount of $200,000 plus interest, attorney fees in the amount of $86,859, accessed forum fees in the amount of $13,275, and Sanctions assessed against the Petitioner herein on the first day of the Hearing. A copy of the Award is annexed hereto as Exhibit "A".

**Facts**

2.      The underlying arbitration between the Petitioner and the Respondent in this matter was filed through the Financial Regulatory Authority, Inc. Department of Arbitration ("FINRA")

1

pursuant to the terms of the customer agreement entered into by the Petitioner and Respondent in this action. A copy of that Agreement is annexed hereto as Exhibit "B".

3. Petitioner is a Limited Liability Company formed under the laws of the State of California with a principal place of business being 2355 Gold Meadow Way, Suite 160, Gold River, California 95670 and is a customer pursuant to FINRA rules as it is not a "member firm" of FINRA or an "associated person" of a FINRA member.

4. Respondent SDDCO Brokerage Advisors, LLC ("SDDCO") is under information and belief a privately-owned New York limited liability company having its place of business at 485 Madison Avenue, 15th Floor, New York, New York 10022, is a registered broker-dealer with the U.S. Securities and Exchange Commission and is a member firm of FINRA.

5. Respondent FINRA is a private corporation that acts as a self-regulating organization that regulates brokerage firms and exchange markets and whose principal place of business is Washington, D.C.

6. Respondent SDDCO in this matter filed its Statement of Claim (the "SOC) through FINRA on or about May 3, 2017.

7. Petitioner filed its Answer to the SOC on or about June 26, 2017.

8. An Amended SOC was filed on or about April 25, 2017.

9. An Amended Answer was filed on or about August 2, 2017.

10. The underlying arbitration was captioned *SDDCO Brokerage Advisors, LLC v. First Capital Real Estate Investments, LLC* and was assigned FINRA Case No.: 17-01140 (the "FINRA Arbitration").

11. Pursuant to FINRA Rules, the parties to the FINRA Arbitration were served with a list of arbitrators to be used in the selection process, as evidenced by the June 26, 2017 correspondence from FINRA, a copy of which is annexed as Exhibit "C".

12. Pursuant to the terms of that letter and FINRA Rules, the case proceeded "according to the three arbitrator intra-industry case provisions between associated persons or between or

among firms and associated persons as described in Rule 13403 (b) (2)"  See page 2 and 3 of Exhibit "C".

13. Pursuant to the Rules of FINRA, the panel which heard the FINRA Arbitration was to be comprised of individuals that definitively fell within the categories as defined by FINRA Rules to be either "Public Arbitrators," on the one hand, and "Non-public" arbitrators, on the other hand.

14. FINRA Rules require that the parties to the FINRA Arbitration select, strike and Rank 10 arbitrators from each of three categories as defined by FINRA Rules: (1) Public Arbitrators, (2) Non-Public Arbitrators and (3) Public Arbitrators from the Chairman Roster. See page 3 of Exhibit "C" annexed hereto.

15. Pursuant to the selection process and the internal ranking and matching process internally conducted by FINRA, three arbitrators were initially appointed to hear the case, (1) Christopher Zitzmann who was listed as a Non-Public arbitrator, (2) Sandra Parker who listed as a Public Arbitrator, and (3) Keely Parr who was listed as a Public Arbitrator.

16. Ms. Parker served as the Chairperson on the Panel.

17. On or about January 10, 2018, the parties to the FINRA Arbitration received notice that Arbitrator Zitzmann had withdrawn from the matter, and that he was being replaced with non-public Arbitrator Tychelle Dephroneicia McLaurin.  A copy of the January 10 letter is annexed hereto as Exhibit "D".

18. Copies of the Arbitrator Disclosures reports for each of the Arbitrators who sat on the panel in the FINRA Arbitration are annexed hereto as Exhibit "E".

19. The case was heard in the FINRA offices in New York City from January 16 through January 19, 2018 and on January 26, 2018.

20. The panel rendered an award against the Petitioner herein in the amount of $200,000 plus interest, attorney fees in the amount of $86,859,  accessed forum fees in the amount

of $13,275, and Sanctions awarded against the Petitioner herein on the first day of the Hearing. Exhibit A.

## Arguments

**The Federal Arbitration Act empowers this Court to set aside the wrongful arbitration award.**

21. The Federal Arbitration Act (FAA) provides the legal framework for the enforcement of arbitration agreements and arbitral awards in the United States. <u>See</u>, 9 USC § 10.

22. The FAA provides the procedures by which the prevailing party may seek to enforce an arbitration award and the procedures by which the non-prevailing party may seek to vacate the award. <u>See</u>, 9 USC § 10.

23. The non-prevailing party may move the appropriate court to vacate an arbitral award based on the following factors:

    (1)    fraud by the opposing party in securing the award under 9 USC § 10(a)(1);

    (2)    the tribunal's corruption or evident partiality to one of the parties under 9 USC § 10(a)(2);

    (3)    other misconduct by the tribunal in granting the award under 9 USC § 10(a)(3); or

    (4)    the tribunal grossly exceed[ing] its powers in issuing the award under 9 USC § 10(a)(4).

24. "Arbitration is a matter of contract," <u>AT&T Technologies, Inc. v. Communications Workers of America</u>, 475 U.S. 643, 648, 89 L. Ed. 2d 648, 106 S. Ct. 1415 (1986).

25. "If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed." <u>See</u>, 9 USC § 5.

26. FINRA sets forth a method of naming or appointing an arbitrator or arbitrators. <u>See</u>, Exhibit C, p.2-3.

27. An award issued by arbitrators who are not appointed in accordance with agreed-upon procedures may be vacated because the arbitrators "exceeded their powers." <u>See</u>, <u>Encyclopaedia Universalis S.A. v Encyclopaedia Britannica, Inc.</u>, 403 F3d 85, 92 (2d Cir 2005).

See, also, Avis Rent A Car Sys. Inc. v. Garage Employees Union, Local 272, 791 F.2d 22, 23 (2d Cir. 1986).

28.     Other Courts have held, citing Second Circuit decisions, that awards made by arbitrators who are not appointed in accordance with the procedure provided in the parties' agreement must be vacated. MacDonald v CashCall, Inc., 2018 U.S. App. LEXIS 4795, at *20 [3d Cir Feb. 27, 2018, No. 17-2161]. Citing Cargill Rice, Inc. v. Empresa Nicaraguense Dealimentos Basicos, 25 F.3d 223, 226 (4th Cir. 1994) ("Arbitration awards made by arbitrators not appointed under the method provided in the parties' contract must be vacated."). citing, Avis at 26.

**The Federal Arbitration Act empowers this Court to set aside the wrongful arbitration award which arose from the application of the Series 13000 of FINRA Rules.**

29.     The FINRA Rules of Arbitration were applied to the administration of the FINRA Arbitration because the parties contractually agreed to have any dispute between them be heard through the FINRA Arbitration program. See Exhibit "B".

30.     "Arbitration is a matter of contract," AT&T, at 648.

31.     Arbitration depends on the consent of the parties to the contract. Avis at 25.

32.     The Petitioner and the Respondent agreed, under the Placement Agreement to submit all disputes to FINRA arbitration. See, Exhibit B, paragraph 12(d).

33.     FINRA applied the Series 13000 Rules of Arbitration Procedure ("Series 13000 Rules"). See Exhibit "C".

34.     FINRA Rule 13200 defines when the Series 13000 Rules are to be applied and states:

"13200. Required Arbitration

(a) Generally

Except as otherwise provided in the Code, a dispute must be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person and is between or among:

- Members;
- Members and Associated Persons; or

5

- Associated Persons."

35. Section 13100(q) of the FINRA Code of Arbitration Procedure defines an Member as follows:

> "(q) Member
>
> For purposes of the Code, the term "member" means any broker or dealer admitted to membership in FINRA, whether or not the membership has been terminated or cancelled; and any broker or dealer admitted to membership in a self-regulatory organization that, with FINRA consent, has required its members to arbitrate pursuant to the Code and/or to be treated as members of FINRA for purposes of the Code, whether or not the membership has been terminated or cancelled."

36. Petitioner is a privately-owned Limited Liability Company that engages in Real Estate development and franchise ownership.

37. Petitioner is not a broker or dealer of securities and is not a FINRA member. See, Section 13100(q).

38. Section 13100(b) of the FINRA Code of Arbitration Procedure defines an Associate Person as follows:

> "(b) Associated Person
>
> The term "associated person" or "associated person of a member" means a person associated with a member, as that term is defined in paragraph (u)."

39. Petitioner is not an associated person of a broker or dealer of securities and is therefore not an associated person of a FINRA member. See, Section 13100(b).

40. Given that the Petitioner is not a Member or an Associated Person of a Member, the Series 13000 of FINRA Rules should not have been applied to the parties in the FINRA Arbitration.

41. The failure to apply the Customer Rules to the arbitration is a breach of the rules of procedure, and a breach of the arbitration contract.

42. Given that FINRA failed to follow its own Rules breaking the arbitration contract, in violation of the FAA, any decision made by the arbitrators exceeded the arbitrators' powers.

43. Such a decision should be vacated by this Court. See, Encyclopaedia Universalis S.A. at 92. See, also, Avis at 23.

6

44. Given that the arbitrators exceeded their authority under the Placement Agreement, breached the FINRA Rules of Procedure, and breached the arbitration contract, the Award should be vacated.

**The Federal Arbitration Act empowers this Court to set aside the wrongful arbitration award which arose from the appointment of arbitrators in violation of FINRA Rules.**

45. The Series 13000 Rules only provide for the placement of panel members in disputes between either Members and/or Associated Persons.

46. Once that hurdle is overcome, FINRA Rule 13401 defines how many arbitrators need to be appointed.

47. Assuming, *arguendo*, that the 13000 Series was correctly applied to this arbitration, FINRA Rule 13401 states in relevant part that 3 arbitrators needed to be appointed in the FINRA Arbitration as the dispute involved a claim in excess of $100,000.

48. FINRA Rule 13402 then defines the composition of the Panel.

49. The Rule delineates the definition of non-public and public arbitrators. See, FINRA Rule 13402.

50. The classification of arbitrators is also mandated by the Series 13000 Rules. See, generally, FINRA Rule 13402.

51. FINRA is required to offer the Petitioner and Respondent selections from 3 groups of arbitrators. See, generally, FINRA Rule 13402.

52. Petitioner and Respondent must be allowed to select one arbitrator from a non-public group, and two arbitrators from public groups.

53. FINRA Rule 13402 states in relevant part:

> "13402. Composition of Arbitration Panels in Cases Not Involving a Statutory Discrimination Claim
>
>   (a) Disputes Between Members

7

> (1) In an arbitration between members, the panel composition will be as follows:
>
> • If the panel consists of one arbitrator, the arbitrator will be a non-public arbitrator selected from the chairperson roster described in Rule 13400(c), unless the parties agree in writing otherwise.
>
> • If the panel consists of three arbitrators, all will be non-public arbitrators. One of the arbitrators will be selected from the chairperson roster described in Rule 13400(c), unless the parties agree in writing otherwise.
>
> (2) If an arbitration involves only members and a member amends a pleading, pursuant to Rule 13309(c) to add an associated person, the majority of the panel will be public arbitrators, as described in Rule 13402(b). Once an associated person has been added to the proceeding, the rules that apply to cases between associated persons and members will govern list selection and the administration of the arbitration proceeding.
>
> (b) Disputes Between Associated Persons or Between or Among Members and Associated Persons
>
> • If the panel consists of one arbitrator, the arbitrator will be a public arbitrator selected from the chairperson roster described in Rule 12400(c) of the Code of Arbitration Procedure for Customer Disputes, unless the parties agree in writing otherwise.
>
> • If the panel consists of three arbitrators, one will be a non-public arbitrator and two will be public arbitrators. One of the public arbitrators will be selected from the chairperson roster described in Rule 12400(c) of the Code of Arbitration Procedure for Customer Disputes, unless the parties agree in writing otherwise"

54. The arbitrators selected in the process did not conform with the mandated classifications required by the Series 13000 Rules. <u>See</u>, FINRA Rule 13402.

55. If the 13000 Section rules are to be applied, even though Petitioner was neither a Member or Associated person of FINRA, and agreeing that the claim involved was in excess of $100,000, and if the dispute was between Associated persons, or Associated persons and Members,

one of the arbitrators had to have been classified as a non-public arbitrator, as defined, and the two others arbitrators had to have been classified as public, as defined.  <u>See</u>, FINRA Rule 13402.

56.     The FINRA arbitration rules define the terms Public and Non–Public Arbitrators in FINRA Rule 13100 subsections (r) and (x).

57.     The FINRA arbitration rules defining the terms Non–Public Arbitrators in FINRA Rule 13100(r) state as follows:

> "(r) Non-Public Arbitrator
>
> > The term "non-public arbitrator" means a person who is otherwise qualified to serve as an arbitrator and is disqualified from service as a public arbitrator under paragraph (x)."

58.     The FINRA arbitration rules defining the terms Public Arbitrators in FINRA Rule 13100(x) state as follows:

> "(x) Public Arbitrator
>
> > The term "public arbitrator" means a person who is otherwise qualified to serve as an arbitrator, and is not disqualified from service as an arbitrator, as enumerated by any of the criteria below.
> >
> > Permanent Disqualifications Based on a Person's Own Activities
> >
> > (1) A person shall not be designated as a public arbitrator who is, or was, associated with, including registered through, under, or with (as applicable):
> >
> > > (A) a broker or a dealer (including a government securities broker or dealer or a municipal securities broker or dealer); or
> > >
> > > (B) the Commodity Exchange Act or the Commodities Future Trading Commission, or a member of the National Futures Association or the Municipal Securities Rulemaking Board; or
> > >
> > > (C) an entity that is organized under or registered pursuant to the Securities Exchange Act of 1934, Investment Company Act of 1940, or the Investment Advisers Act of 1940; or
> > >
> > > (D) a mutual fund or a hedge fund; or
> > >
> > > (E) an investment adviser.
> >
> > (2) A person shall not be designated as a public arbitrator, who was, for a total of 15 years or more, an attorney, accountant, or other professional who has devoted 20 percent or more of his or her professional time

9

annually, to any entities listed in paragraph (x)(1) and/or to any persons or entities associated with any of the entities listed in paragraph (x)(1).

(3) A person shall not be designated as a public arbitrator, who was, for a total of 15 years or more, an attorney, accountant, expert witness or other professional who has devoted 20 percent or more of his or her professional time annually to representing or providing services to parties in disputes concerning investment accounts or transactions, or employment relationships within the financial industry.

(4) A person shall not be designated as a public arbitrator, who was, for a total of 15 years or more, an employee of a bank or other financial institution who effects transactions in securities, including government or municipal securities, commodities, futures, or options or supervises or monitors the compliance with the securities and commodities laws of employees who engage in such activities.

Temporary Disqualifications Based on a Person's Own Activities

(5) A person shall not be designated as a public arbitrator who is employed by, or is a director or officer of, an entity that directly or indirectly controls, is controlled by, or is under common control with, any partnership, corporation, or other organization that is engaged in the financial industry unless the affiliation ended more than five calendar years ago.

(6) A person shall not be designated as a public arbitrator who is an attorney, accountant, or other professional who has devoted 20 percent or more of his or her professional time, in any single calendar year, to any entities listed in paragraph (x)(1) and/or to any persons or entities associated with any of the entities listed in paragraph (x)(1) unless the calendar year ended more than five calendar years ago.

(7) A person shall not be designated as a public arbitrator who is an attorney, accountant, expert witness or other professional who has devoted 20 percent or more of his or her professional time, in any single calendar year, to representing or providing services to parties in disputes concerning investment accounts or transactions, or employment relationships within the financial industry unless the calendar year ended more than five calendar years ago.

(8) A person shall not be designated as a public arbitrator if the person is an employee of a bank or other financial institution and the person effects transactions in securities, including government or municipal securities, commodities, futures, or options or supervises or monitors the compliance with the securities and commodities laws of employees who engage in such activities unless the affiliation ended more than five calendar years ago.

Temporary Disqualifications Based on the Activities of Others at a Person's Employer

(9) A person shall not be designated as a public arbitrator who is an attorney, accountant, or other professional whose firm derived $50,000 or more, or at least 10 percent of its annual revenue, in any single calendar year during the course of the past two calendar years, from any entities listed in paragraph (x)(1) and/or to any persons or entities associated with any of the entities listed in paragraph (x)(1), or from a bank or other financial institution where persons effect transactions in securities including government or municipal securities, commodities, futures, or options. A person whom FINRA would not designate as a public arbitrator under this subparagraph shall also not be designated as a public arbitrator for two calendar years after ending employment at the firm.

(10) A person shall not be designated as a public arbitrator, who is an attorney, accountant, or other professional whose firm derived $50,000 or more, or at least 10 percent of its annual revenue, in any single calendar year during the course of the past two calendar years, from individual and/or institutional investors relating to securities matters. A person whom FINRA would not designate as a public arbitrator under this subparagraph shall also not be designated as a public arbitrator for two calendar years after ending employment at the firm.

Temporary Disqualification Based on the Financial Industry Affiliation of an Immediate Family Member

(11) A person shall not be designated as a public arbitrator if his or her immediate family member is an individual whom FINRA would disqualify from serving on the public arbitrator roster. If the person's immediate family member ends the disqualifying affiliation, or the person ends the relationship with the individual so that the individual is no longer the person's immediate family member, the person may, after two calendar years have passed from the end of the affiliation or relationship, be designated as a public arbitrator.

For purposes of this rule, the term immediate family member means:

(A) a person's spouse, partner in a civil union, domestic partner, parent, stepparent, child, or stepchild;
(B) a member of a person's household;
(C) an individual to whom a person provides financial support of more than 50 percent of his or her annual income; or
(D) a person who is claimed as a dependent for federal income tax purposes."

For purposes of the public arbitrator definition, the term "revenue" shall not include mediation fees received by mediators who are also arbitrators, provided that the mediator acts in the capacity of a mediator and does not represent a party in the mediation."

59. With subsections (r) and (q), Arbitrator Sandra Parker was improperly classified as a public arbitrator.

60. Annexed to this Memorandum of Law as Exhibit "F" is the printout from the web page related to "The Law office of Sandra D. Parker."

61. The website specifically states that Arbitrator Parker and her law firm represent clients in FINRA arbitrations.  Exhibit "F".

62. This lack of disclosure on her Arbitrator Disclosure Report submitted by Ms. Parker, as reflected in Exhibit "D," triggers the disqualifications from serving as a Public Arbitrator through FINRA Rule 13100 (x) (3), (6), (7), (9) and (10).

63. As Ms. Parker's outside business activities as an attorney disqualify her from acting as a public arbitrator, such a classification of Arbitrator Parker was in violation of FINRA Rules. See, generally, FINRA Rule 13100 (x) (3), (6), (7), (9) and (10).

64. "Arbitration is a matter of contract," AT&T at 648.

65. "If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed."  See, 9 USC § 5.

66. An award issued by arbitrators who are not appointed in accordance with agreed-upon procedures may be vacated because the arbitrators "exceeded their powers." See, Encyclopaedia Universalis S.A. at 92. See, also, Avis at 23.

67. Other Courts have held, citing Second Circuit decisions, that awards made by arbitrators who are not appointed in accordance with the procedure provided in the parties' agreement must be vacated. MacDonald at *20 See also, Avis at 26.

68. Here, assuming, *arguendo*, that the application of the 13000 series of rules was appropriate, arbitrators were not appointed in accordance with agreed-upon procedures under the FINRA rules as agreed-upon by the terms of the Placement Agreement.

69. Given that the arbitrators were not appointed in accordance with the procedure provided in the parties' agreement, the Court should vacate the award as the arbitrators "exceeded their powers" in reaching the award pursuant to the FAA. See, 9 USC § 5, § 10(a)(4).   See, Encyclopaedia Universalis S.A. at 92. See, also, Avis at 23.

**The Federal Arbitration Act empowers this Court to set aside the wrongful arbitration award when arbitrators sanctioned the Petitioner on the first day of the arbitration in violation of FINRA Rules.**

70. The Arbitrators issued a Sanction against Petitioner during the first day of the Hearing based upon a Motion filed by the Respondent.

71. The Discovery Motion was vigorously opposed, having been filed in direct violation of FINRA Rule 13503. <u>See</u>, Exhibit "G."

72. Assuming that the 13000 Rules apply to this arbitration, the FINRA arbitration rules defining the terms Public Arbitrators in FINRA Rule 13503 state as follows:

"13503. Motions

(a) Motions

(1) A party may make motions in writing, or orally during any hearing session. Before making a motion, a party must make an effort to resolve the matter that is the subject of the motion with the other parties. Every motion, whether written or oral, must include a description of the efforts made by the moving party to resolve the matter before making the motion."

73. The Motion was based upon a discovery dispute, and the Motion, according to FINRA Rules, required that the Respondent evidence a good faith effort "to resolve the matter before filing the Motion." Rule 13503.

74. Such was not the case as evidenced by the documents annexed as Exhibit "G" which show that Respondent did not make an effort to resolve the matter prior to the Motion.

75. The motion was filed after only two days of seeking documents by Respondent. <u>See</u>, Exhibit "G."

76. Again, FINRA failed to administer the FINRA Arbitration according to its own rules in violation of the agreement between the parties.

77. The arbitrators exhibited manifest disregard of the law to the prejudice of the Petitioner and in violation of filing a Motion under FINRA Rule 13503 without evidencing a "good faith effort to resolve the dispute before filing the Motion".

78. The Sanction was handed down during the hearing, on the first day, and in violation of FINRA Rule 13503; such an action was highly prejudicial.

13

79.     The failure to apply the FINRA Rule 13503 to the arbitration is a breach of the FINRA Rules of Procedure, and a breach of the arbitration contract.

80.     Given that FINRA failed to follow its own Rules in violation of the FAA, any such decision would render any decision that resulted from the arbiters exceeding their powers under the contract subject to being vacated by this Court.  See, Encyclopaedia Universalis S.A. at 92.  See, also, Avis at 23.

81.     Given the failure to follow FINRA Rule 13503, the arbiters exceeded their authority under the Placement Agreement, breached the rules of procedure, and breached the arbitration contract and, therefore, the award should be vacated.

**Conclusion**

82.     The award should be vacated as the arbiters exceeded their authority due to FINRA's numerous failures to honor the agreement between the parties.  FINRA failed to honor the agreement between the parties by applying the Series 13000 Rules.  FINRA failed to honor the agreement between the parties as the classification of the arbitrators within the composition of the panel were classified improperly based upon the rules and their own professional resumes and experience.  Petitioner contends that the Panel was not constituted properly as set forth below.  Finally, FINRA failed to honor the agreement between the parties by not applying the arbitration rules and not rejecting the motion for sanctions and sanctioning the Petitioner.  Given that FINRA failed to follow its own Rules in violation of the FAA, any such decision would render any decision that resulted from the arbiters exceeding their powers under the contract subject to being vacated by this Court.  See, Encyclopaedia Universalis S.A. at 92. See, also, Avis at 23.  Given the failure to follow FINRA arbitration Rules, the arbiters exceeded their authority under the Placement Agreement, breached the rules of procedure, and breached the arbitration contract and, therefore, the award should be vacated.