UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FIRST CAPITAL ESTATE INVESTMENTS, LLC, :
a California Limited Liability Company,

                              Plaintiff,

                v.

SDDCO BROKERAGE ADVISORS, LLC,

                             Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

18-CV-2013 (JGK)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Before the Court is defendant SDDCO Brokerage Advisors, LLC's ("SDDCO") motion for an order: "(i) to compel Plaintiff Judgment Debtor First Capital Real Estate Investments, L.L.C. ('First Capital') to secure a supersedeas bond; (ii) to, alternatively, compel First Capital and its attorney, Joshua Brinen, Esq. ('Brinen'), to comply with post-Judgment discovery; (iii) to have both First Capital and Brinen held in contempt and/or sanctioned; [and] (iv) for attorneys' fees and expenses." The motion is opposed by First Capital.

## DEFENDANT'S CONTENTIONS

SDDCO asserts that, on March 4, 2019, it served post-judgment information subpoenas and a restraining notice on First Capital and Brinen's law firm, Brinen & Associates, LLC. SDDCO contends that First Capital's March 12, 2019 response to SDDCO's March 2019 information subpoena was sworn to under penalty of perjury by Suneet Singal ("Singal"), First Capital's managing member, who represented that First Capital had no bank accounts since October 2018 and its assets were closed or levied "by [the] Frydman Judgment for $22 million." SDDCO contends that, on June 6, 2019, First Capital provided a second response to the March 2019 information subpoena, also sworn to under penalty of perjury by Singal, in which "Singal

1

represented that First Capital owns in excess of $297 million worth of securities in private companies and/or a non-publicly traded real estate investment trust ('REIT') that, by its own admission, are illiquid," without explaining "the vast chasm that exists between Singal's March 12, 2019 representation that First Capital had no assets and his June 6, 2019 representation that First Capital owns in excess of $297 million worth of securities in private companies and/or a non-publicly traded REIT." Brinen responded to the information subpoena served on Brinen's law firm, claiming attorney-client privilege in response to questions that would have disclosed the: (i) "assets of First Capital and its affiliates that are or were in his law firm's possession"; (ii) "retainer agreement that his law firm may have had with or for the benefit of First Capital"; and (iii) "payment of legal fees to his law firm by or on behalf of First Capital."

SDDCO asserts that, on April 8, 2019, it served Brinen, as First Capital' agent, with its second, post-judgment information subpoena on First Capital, containing more detailed questions, in light of First Capital's deficient March 12, 2019 response to the March 2019 information subpoena. However, after Brinen's office received the April 2019 information subpoena, Brinen sent an email message to the defendant's counsel, Kevin S. Koplin ("Koplin"), stating that he refused to accept service of process. First Capital failed to answer the April 2019 information subpoena.

SDDCO maintains that: (1) "the conduct of Brinen and First Capital flout [sic] the most rudimentary principles of post-judgment discovery"; (2) "First Capital should be required to post a supersedeas bond in light of Brinen's and First Capital's obstructionist conduct"; (3) "if First capital is not required to post a supersedeas bond then Brinen and First Capital should be ordered to fully answer information subpoenas"; (4) "Brinen must be sanctioned for his repeated obstructionist conduct and dishonesty"; and (5) "First Capital must be sanctioned for its failure to

2

answer the March 2019 [information subpoena] truthfully and completely and its failure to answer the April 2019 information [subpoena] at all." SDDCO asserts that "it is obvious that Brinen sought to deny SDDCO's well entrenched statutory rights to disclosure of his client's assets when he asked Judge [John] Koeltl to 'postpone scheduling . . . a conference regarding post-judgment discovery until after the CAMP conference is held on June 19[.]'" Brinen "should be sanctioned for asking the Court to impose what he clearly knows would be a legally impermissible and unwarranted delay on SDDCO's right to post-Judgment discovery." SDDCO contends that

> Brinen improperly invoked attorney-client privilege in his response to the post-Judgment information subpoena served on his law firm, particularly those questions that would have provided SDDCO with information about: (i) the assets of First Capital and its affiliates that are or were in his law firm's possession; (ii) the retainer agreement that Brinen's law firm may have had with or for the benefit of First Capital; and (iii) the payment of legal fees to his law firm by or on behalf of First Capital. Koplin Dec., Ex. 16, answers to Request Numbers 5[1] and 9.[2]

According to SDDCO, "Brinen cannot hide behind attorney-client privilege to protect his client from satisfying the Judgment, he should be ordered to provide information about fee arrangement with First Capital, legal fees paid for or on behalf of First Capital, and any assets of First capital that are or were in its possession." Moreover, Brinen's refusal to accept service of the April 2019 information subpoena harmed SDDCO's ability to enforce its judgment against

---

[1] Request No. 5 of the March 1, 2019 information subpoena served on Brinen and Brinen's answer are as follows:
   5. Since September 13, 2016, please list all contracts you have or had with [First Capital], and for each such contract, state the date it was executed, the payments terms of the contract (including when payments are due, to whom and the amounts), the parties to the contract, and the reason for the contract.
   ANSWER: Objection. Attorney-Client Privilege.

[2] Request No. 9 of the March 1, 2019 information subpoena served on Brinen and Brinen's answer are as follows:
   9. To the extent there were any transfers of funds, assets, real estate, or the like for any reason from you to [First Capital] or from [First Capital] to you at any time since September 13, 2016 (i) identify who authorized the transfer; and (ii) state to whom the transfer was made, the amount and reason for the transfer and identify any accounts of [First Capital] involved.
   ANSWER: Objection. Attorney-Client Privilege.

First Capital, and Brinen "was intentionally trying to deceive SDDCO's counsel about the state of the law." SDDCO asserts that Brinen made multiple misleading statements "of factual and unsustainable legal arguments to both Judge Koeltl" and the Court, designed to relieve First Capital from having to comply with post-judgment discovery. Brinen and First Capital "failed to comply with their post-Judgment obligation" and the Court "should order First Capital to obtain a supersedeas bond in accord with Federal Rules of Civil Procedure 62 within five days of the order or be held in contempt" and the bond should cover the judgment, interest and SDDCO's costs, including legal fees. According to SDDCO, "Brinen is responsible for paying damages for the costs incurred by SDDCO in this matter." To motivate Brinen to comply with discovery, "he should be fined $5,000 plus $1,000 a day, doubling each day, until he complies." SDDCO asserts that "[i]n order to motivate First Capital to comply with post-Judgment discovery, if it is not ordered to obtain a supersedeas bond, it, too, not unlike Brinen, should be fined $5,000 plus $1,000 a day, doubling each day, until it complies. This sum is well within established precedent." In support of its motion, SDDCO submitted Koplin's declaration with exhibits.

## PLAINTIFF'S CONTENTIONS

First Capital asserts that "a court may not order an appellant to post a supersedeas bond, for allegedly obstructionist conduct or otherwise. Instead, the appellant, which, here, is First Capital, may move for the court's approval of a supersedeas bond." Moreover, "a supersedeas bond is not intended to, and does not operate to, stop an appellant's allegedly improper post-judgment conduct"; thus, SDDCO's request for a supersedeas bond should be denied. First Capital denies SDDCO's allegation that its answers have been less than truthful and complete, and SDDCO does not allege that First Capital or Brinen failed to comply with any Court order. According to First Capital, its "ongoing compliance with its discovery obligations does not

4

require the Court's ordering compliance" and no basis exists for a contempt order. SDDCO's request for attorneys' fees should be denied because SDDCO does not allege that a discovery order was issued in this case with which First Capital failed to comply. In support of its opposition to the motion, First Capital submitted Brinen's affirmation with exhibits.

### DEFENDANT'S REPLY

SDDCO asserts that "Brinen lied about First Capital responding to the April 2019 information subpoena" because he stated in his affirmation that, "[o]n June 6, 2019, [First Capital] provided sworn responses to Respondent's Second FRCEI Subpoena (the 'Responses'), a copy which is annexed hereto as Exhibit A," but Exhibit A of Brinen's affirmation "is the same as Exhibit 15 of Koplin's declaration," and "***is not*** a response to the April 2019 Information Subpoena; it is merely another response – and an incomplete and untruthful one at that – to the March 2019 Information Subpoena with its eleven requests that First Capital originally responded to in March 2019. First Capital has never provided a response to the April Information Subpoena." According to SDDCO, Brinen also lied about the accuracy of First Capital's responses, claiming in his affirmation that they are "based on all up-to-date responsive information in [its] power, possession, and procurement," and: (a) representing "in Paragraph 19 of his Affirmation that the Balance Sheet was from February 7, 2019," whereas that balance sheet "explicitly states at the top that it is 'As of January 1, 2016'"; and (b) "pass[ing] off the one-page list of First Capital's assets and liabilities as from May 2019 but that list contains a line item that states: 'Investment – FC Advisor-Sale- Due 3rd quarter [sic] 2018,'" and "[o]nly a document that is a snapshot in time prior to the third quarter of 2018 would contain a line item about a future event, in this case a sale to take place in the third quarter of 2018." SDDCO contends that Brinen made improper legal arguments and also lied in his affirmation "about the

5

law shielding attorney's bills under the attorney-client privilege" and when he said that "SDDCO offered no legal support for its position." SDDCO maintains that First Capital does not dispute that the law requires it to answer information subpoenas fully or that it may be sanctioned monetarily should the Court order First Capital to comply with post-judgment discovery and First Capital violates such an order. Moreover, the Court may sanction First Capital and Brinen under its inherent power to manage its own affairs. According to SDDCO, the record before the Court "clearly demonstrates that First Capital and Brinen have repeatedly engaged in bad faith with their obstructionist conduct."

## LEGAL STANDARD

"In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "A district court has broad latitude to determine the scope of discovery and to manage the discovery process" and "broad post-judgment discovery in aid of execution is the norm in federal and New York state courts." EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012). "The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment." Id. "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b).

# APPLICATION OF LEGAL STANDARD

***Request for an Order To Compel the Plaintiff To Post a Supersedeas Bond In Light of Brinen's and First Capital's Obstructionist Conduct***

SDDCO failed to make citation to any legal authority in support of its contention that, "First Capital should be required to post a supersedeas bond in light of Brinen's and First Capital's obstructionist conduct." Although SDDCO invoked Rule 62 of the Federal Rules of Civil Procedure to support its request, Rule 62 does not apply here because SDDCO does not seek to "obtain a stay by providing a bond or other security," as Rule 62 governing stays of proceedings to enforce a judgment contemplates; rather, SDDCO seeks an order to compel First Capital to post a supersedeas bond for its "obstructionist conduct." The Court is not aware of any legal authority that would permit such an order. Accordingly, granting SDDCO's request for an order to compel First Capital "to post a supersedeas bond in light of Brinen's and First Capital's obstructionist conduct" is not warranted.

***Request to Compel the Plaintiff "To Fully Answer" the March 1, 2019 Information Subpoena***

Contrary to SDDCO's contention, Brinen did not state "in Paragraph 19 of his Affirmation that the Balance Sheet was from February 7, 2019"; rather, he stated in that paragraph that "two financial spread sheets of FRCEI's assets and liabilities" are "dated February 7, 2019." Each of the three pages styled "First Capital Estate Investments Balance Sheet As of January 1, 2016" that First Capital provided to SDDCO as part of its June 6, 2019 response to the March 1, 2019 information subpoena contains the following text: "5: 53AM 02/07/19 Accrual Basis." The three pages styled "First Capital Estate Investments Balance Sheet As of January 1, 2016" also contain the following information: "TOTAL ASSETS 9,715,348.84" and "TOTAL LIABILITIES & EQUITY 9,715,348.84." A single-page document styled "First

Capital Real Estate Investment of Assets, Liabilities and Members' Equity - Cash Basis May-19" indicates "TOTAL ASSETS $297,174,000" and "TOTAL LIABILITIES AND MEMBERS' EQUITY $297,174,000." SDDCO failed to provide evidentiary support for its contention that Brinen "lied to the Court in his Affirmation about" First Capital's March 12, 2019 response and June 2, 2019 response when he claimed that they "are based on all up-to-date responsive information in [its] power, possession, and procurement." Although SDDCO implied in its reply that a single-page document styled "First Capital Real Estate Investment of Assets, Liabilities and Members' Equity - Cash Basis May-19" may be forged, since "[o]nly a document that is a snapshot in time prior to the third quarter of 2018 would contain a line item about a future event, in this case a sale to take place in the third quarter of 2018," it provided no evidence establishing any impropriety in connection with the single-page document styled "First Capital Real Estate Investment of Assets, Liabilities and Members' Equity - Cash Basis May-19," notwithstanding the seeming inconsistency in dates. Other than asserting, in a conclusory fashion, that First Capital failed to answer "completely and truthfully" the March 1, 2019 information subpoena "by first claiming that it has no assets" and then "providing a contradictory response claiming that it owns $297 million worth of illiquid securities," SDDCO failed to: (i) identify any information that First Capital failed to provide in response to SDDCO's March 1, 2019 information subpoena; or (ii) explain the basis for its belief that additional information exists that was not provided by First Capital in response to SDDCO's March 1, 2019 information subpoena. Accordingly, granting SDDCO's request for an order to compel First Capital "to fully answer" the March 1, 2019 information subpoena is not warranted.

*Request to Compel Brinen "To Fully Answer" the March 1, 2019 Information Subpoena*

SDDCO challenges Brinen's assertion of attorney-client privilege in his answers to question Nos. 5 and 9 of SDDCO's March 1, 2019 information subpoena on Brinen. Absent special circumstances, retainer agreements, a client's identity, invoices and the payment of fees are not subject to the attorney client-privilege. See In re Grand Jury subpoena Served Upon John Doe, Esq., 781 F.2d 238, 247 (2d Cir. 1986). First Capital did not address, in its memorandum of law, SDDCO's challenge to the assertion of attorney-client privilege in Brinen's answers to question Nos. 5 and 9 of SDDCO's March 1, 2019 information subpoena on Brinen. Accordingly, Brinen's objections to question Nos. 5 and 9 of the SDDCO's March 1, 2019 information subpoena on him, based on the attorney-client privilege, are overruled; Brinen must provide answers to question Nos. 5 and 9.

*Request to Compel the Plaintiff To Answer the April 5, 2019 Information Subpoena*

First Capital failed to: (a) answer SDDCO's April 5, 2019 information subpoena; and (b) provide any explanation for its failure to answer SDDCO's April 5, 2019 information subpoena. First Capital must provide timely answers to SDDO's April 5, 2019 information subpoena or be subject to sanctions, including contempt for failure to obey the Court's order and monetary sanctions. First Capital's unexplained failure to answer the April 5, 2019 information subpoena warrants an award of the reasonable attorney's fees SDDCO incurred in connection with the instant motion.

*Sanctions Under the Court's Inherent Power To Manage Its Own Affairs*

SDDCO argued, for the first time in reply, that the Court may sanction First Capital and Brinen under its inherent power to manage its own affairs. "Arguments may not be made for the first time in a reply brief." Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir. 1993). The Court will

9

not consider SDDCO's argument concerning sanctions under the Court's inherent power to manage its own affairs.

## CONCLUSION

For the foregoing reasons, the defendant's motion, Docket Entry No. 56, is denied, in part and granted, in part. On or before January 28, 2020: (1) Brinen shall answer question Nos. 5 and 9 in the defendant's March 1, 2019 information subpoena; (2) the plaintiff shall answer the defendant's April 5, 2019 information subpoena; and (3) the defendant shall file its application for reasonable attorney's fees. Any challenge to the reasonableness of the attorney's fees shall be filed on or before January 31, 2020, and any reply may be filed on or before February 4, 2020.

Dated: New York, New York
      January 21, 2020

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE