UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FIRST CAPITAL ESTATE INVESTMENTS, LLC, :
a California Limited Liability Company,
                                                  :
                              Petitioner,
                                                  :
          v.
                                                  :       **MEMORANDUM AND ORDER**
SDDCO BROKERAGE ADVISORS, LLC,
                                                  :       18-CV-2013 (JGK) (KNF)
                              Respondent.
------------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

### MOTION TO WITHDRAW AS COUNSEL OF RECORD

Before the Court is an unopposed, second motion by Brinen & Associates, LLC ("BA"),

pursuant to Local Civil Rule 1.4 of this court, to withdraw as counsel of record for the petitioner

and to permit the petitioner 30 days to retain new counsel.  BA contends that granting the motion

is warranted because: (1) the petitioner failed to pay BA's fees and costs; (2) withdrawing at this

stage of the litigation would not prejudice unduly "the existing case schedule"; and (3) the

petitioner's managing member Suneet Singal ("Singal") "has represented to the moving party his

intent to retain alternate counsel."  In support of the motion, BA submitted an affidavit by its

attorney Joshua D. Brinen ("Brinen") with: (a) Exhibit 1, the April 20, 2017 retainer agreement;

(b) Exhibit 2, Exhibit G to the April 20, 2017 retainer agreement concerning "Commercial

Litigation:; (c) Exhibit 3, "the termination letter"; and (d) Exhibit 4, Exhibit C to the April 20,

2017 retainer agreement concerning "Securities Transactions."

Brinen states that, on April 20, 2017, the petitioner retained BA's services.  He contends

that the scope of the retainer agreement includes "corporate services and planning, corporate

transactions, securities transactions, domestic and international tax planning, commercial real

1

estate, tax controversy and commercial litigation." According to Brinen, commercial litigation includes "drafting or negotiating, arbitration and mediation and litigation in federal and state practice." Pursuant to the April 20, 2017 retainer agreement, the petitioner agreed that all work done under the agreement would be conducted on an hourly basis. Brinen asserts that the April 20, 2017 retainer agreement "was at no time modified or amended" prior to "the termination letter of September 2019." Brinen states that, since April 20, 2017, he represented the petitioner in various matters for which his "office has not been paid" and "at present the legal bill currently owed" by the petitioner "is in excess of" $2,083.661.45.

Brinen states that, "[o]n or about August 14, 2017," the petitioner "hired my Firm as counsel to represent and defend them [sic] in this lawsuit." From "August 14, 2017 to the present," BA: (a) "conducted substantial discovery when this matter was before FINRA [Financial Industry Regulatory Authority]"; (b) "attended multiple pre-hearing sessions before FINRA"; (c) "conducted pre-hearing motion practice"; (d) "attended a two-day arbitration hearing before FINRA"; (e) "reviewed FINRA's award of February 2, 2018"; and (f) "prepared and filed a petition with the Court seeking to vacate the FINRA award on procedural grounds." Brinen contends that, "in conducting the above legal work on behalf of" the petitioner, BA is owed" $163,780.17, and to date, received no payment from the petitioner. Brinen states: "When I was hired as counsel for the Petitioner in this action, it was with the understanding between [the petitioner and BA] that [the petitioner] promised to pay all professional fees and expenses invoiced by [BA]."

On September 24, 2019, Brinen sent a letter to the petitioner stating, inter alia: (i) "I have elected to withdraw from all representation of you, your companies, and all your matters," effective September 30, 2019, "due to ethical concerns related to your failure to pay your bill";

(ii) "your account reflects a balance of" $2,035,813.09; and (iii) "[a] final statement will be sent to you on October 1, 2019 reflecting the amount due."  Brinen asserts that, on November 13, 2019, Singal "made a representation via electronic mail message" to BA "that he intended and was in the process of retaining alternate counsel to substitute in and represent" the petitioner "going forward on all matters."  However, Brinen maintains, "Singal has not organized or retained alternate counsel to represent" the petitioner in these "proceedings or any matter."  Brinen states that BA "will be asserting a lien on all files and work product related to the above proceedings pending full payment of outstanding legal fees owed to this firm."  Brinen filed a certificate of service of the motion papers "via the Court's CM/ECF system on all counsel of record."

## LEGAL STANDARD

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

> Local Civil Rule 1.4.

Rules 1.16(c)(5) and (d) of the New York Rules of Professional Conduct Provide:

> (c) Except as stated in paragraph (d), a lawyer may withdraw from representing a client when: . . .  (5) the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees; . . .
> (d) If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a matter before that tribunal without its permission. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

> 22 New York Compilation of Codes, Rules & Regulations § 1200.0.

"Non-payment of legal fees constitutes a 'satisfactory reason' for allowing withdrawal."  <u>S.E.C.</u> <u>v. Gibraltar Global Sec., Inc.</u>, No. 13 Civ. 2575, 2015 WL 2258173, at *2 (S.D.N.Y. May 8, 2015).  "However, in the absence of proof that an attorney's client is truly unable to fulfill the payment obligations in question, courts have found non-payment of attorney's fees alone not to be a sufficient basis for withdrawal."  <u>Id</u>.  "A common-law retaining lien, also known as a general possessory lien, entitles the attorney 'to retain all papers, securities or money belonging to the client' that come into the attorney's possession in the course of the representation, as security for payment of attorneys' fees." <u>Hoke v. Ortiz</u>, 83 N.Y.2d 323, 331, 610 N.Y.S.2d 455, 459 (1994). "The purpose of the lien is to assist the attorney in preventing a client from refusing or failing to pay charges justly due." <u>Pomerantz v. Schandler</u>, 704 F.2d 681, 683 (2d Cir. 1983).

## APPLICATION OF LEGAL STANDARD

No proof of service of BA's motion on the petitioner was filed.  Since BA failed to serve the instant motion on the petitioner, as required by Local Civil Rule 1.4, denying the motion on this ground is warranted.  Notwithstanding this deficiency, the Court will consider the motion.

Although Brinen stated in his September 24, 2019 letter to the petitioner that he "elected to withdraw from all representation of you, your companies, and all your matters," effective September 30, 2019, "due to ethical concerns related to your failure to pay your bill," he did not seek leave to withdraw as counsel of record in this action until December 30, 2019.  In his affidavit, Brinen does not explain why he: (1) did not seek leave to withdraw as counsel from this action prior to informing the petitioner about his decision to withdraw from representation for "failure to pay your bill," on September 24, 2019; and (2) waited until December 30, 2019, to seek withdrawal as counsel of record.

In support of the instant motion, Brinen relies on the April 20, 2017 retainer agreement, stating that it "was at no time modified or amended" prior to "the termination letter of September 2019." Brinen also states in his affidavit that: (1) "[o]n or about August 14, 2017," the petitioner "hired my Firm as counsel to represent and defend them [sic] in this lawsuit"; and (2) "When I was hired as counsel for the Petitioner in this action, it was with the understanding between [the petitioner and BA] that [the petitioner] promised to pay all professional fees and expenses invoiced by [BA]." Since Brinen states that the April 20, 2017 retainer agreement "was at no time modified or amended," and "[o]n or about August 14, 2017," the petitioner "hired my Firm as counsel to represent and defend them [sic] in this lawsuit," it follows that the April 20, 2017 retainer agreement does not govern BA's representation of the petitioner in this action; rather, the terms of the August 14, 2017 agreement govern BA's representation of the petitioner in this action. However, Brinen failed to submit the August 14, 2017 agreement, including any term showing "the understanding between [the petitioner and BA] that [the petitioner] promised to pay all professional fees and expenses invoiced by [BA]."

Brinen failed to submit "[a] final statement" that he asserted, in his September 24, 2019 letter to the petitioner, would be sent to the petitioner "on October 1, 2019 reflecting the amount due." Brinen asserts that, since April 20, 2017, he represented the petitioner in various matters for which his "office has not been paid" and "at present the legal bill currently owed" by the petitioner "is in excess of" $2,083.661.45. However, the petitioner's alleged failure to pay for BA's legal services under the April 20, 2017 retainer agreement in "various matters" cannot serve as the basis for approving withdrawal as counsel in this action because Brinen "was hired as counsel for the Petitioner in this action," on August 14, 2017, after the April 20, 2017 retainer agreement.

Brinen asserts that the petitioner owes BA "$163,780.17, and to date, received no payment from the petitioner" in connection with legal services BA provided in this action. No evidence was submitted in support of the motion of any invoice(s) that Brinen submitted to the petitioner providing any details in connection with BA's fees and expenses in this action. The absence of: (a) the August 14, 2017 agreement by which the petitioner "hired" BA in this action; (b) any invoice(s) submitted to and received by the petitioner showing that the petitioner owes money for legal services BA provided in this action; and (c) evidence of the petitioner's inability to pay any fees alleged to be owed for BA's legal services in this action militates against finding that satisfactory reasons exist warranting withdrawal of counsel in this action based on the petitioner's disregard of its obligations to BA under the August 14, 2017 agreement.

Brinen asserts in his affidavit that, on November 13, 2019, Singal "made a representation via electronic mail message" to BA "that he intended and was in the process of retaining alternate counsel to substitute in and represent" the petitioner "going forward on all matters." However, Brinen failed to submit the November 13, 2019 "electronic message" from Singal to BA. Brinen acknowledges that "Singal has not organized or retained alternate counsel to represent" the petitioner in these "proceedings or any matter," although the basis of Brinen's knowledge about the petitioner's engagement of "alternate counsel" in "any matter" other than the instant action is not explained by Brinen. Brinen asserts that withdrawing at this stage of the litigation would not prejudice unduly "the existing case schedule." However, the respondent's pending motions for contempt and sanctions, Docket Entry No. 73, and for attorney's fees, Docket Entry No. 83, based on the petitioner's failure to comply with post-judgment discovery requests, show that withdrawal of BA as counsel of record for the petitioner, who exhibited dilatory conduct in connection with post-judgment proceedings, would prejudice the respondent

and delay unjustly this action, prolonging it indefinitely, in light of Singal's seeming inaction following Brinen's September 24, 2019 letter.  Moreover, Brinen also delayed this action by making improper objections to the respondent's March 1, 2019 information subpoena, which the Court overruled previously.  See Docket Entry No. 66.  The petitioner's dilatory tactics in connection with the post-judgment proceedings have been aided by Brinen's conduct, disrupting and delaying significantly the respondent's prosecution of the post-judgment proceedings. Additionally, Brinen failed to assert and show that the unpaid representation of the petitioner has imposed a severe financial hardship on counsel.  The Court finds that withdrawal of counsel at this stage of the litigation is not warranted because it would only contribute to further delay caused by the petitioner's dilatory tactics.

Brinen's affidavit, the April 17, 2017 retainer agreement and Brinen's September 24, 2019 letter to the petitioner, without more, are insufficient to show satisfactory reasons warranting withdrawal of counsel.

## CONCLUSION

For the foregoing reasons, the motion to withdraw as counsel of record, Docket Entry No.77 is denied, without prejudice to any future application made upon showing a significant change in circumstances supported by competent evidence, including, but not limited to: (1) the August 14, 2017 agreement by which counsel "was hired as counsel for the Petitioner in this action"; (2) the invoice(s) submitted to the petitioner by counsel for legal services counsel performed in this action; (3) proof that the petitioner received counsel's invoice(s) for legal services counsel performed in connection with this action; and (4) corroborated evidence proving

the petitioner's deliberate disregard of financial obligations under the August 14, 2017

agreement.

Dated:   New York, New York
             April 14, 2020                                    SO ORDERED:

                                                                  _Kevin Nathaniel Fox_
                                                                  KEVIN NATHANIEL FOX
                                                                  UNITED STATES MAGISTRATE JUDGE