UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FIRST CAPITAL ESTATE INVESTMENTS, LLC, :
a California Limited Liability Company,
:
                Petitioner,
:
      v.
: **MEMORANDUM AND ORDER**
SDDCO BROKERAGE ADVISORS, LLC,
: 18-CV-2013 (JGK) (KNF)
                Respondent.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      This diversity action was commenced by a petition to vacate an arbitration award issued by the Financial Industry Regulatory Authority ("FINRA"). The February 13, 2019 denial of the petition was affirmed. See First Capital Real Estate Invs., LLC v. SDDCO Brokerage Advisors, LLC, 794 Fed. Appx. 86, 87 (2d Cir. 2019). During post-judgment discovery, the Court granted the respondent's motion to compel, in part, finding that the petitioner's "unexplained failure to answer the April 5, 2019 information subpoena warrants an award of the reasonable attorney's fees" incurred in connection with the respondent's motion to compel and directed the respondent to submit its application for reasonable attorney's fees. Docket Entry No. 66. Before the Court is the respondent's unopposed application for reasonable attorney's fees, pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.

      The respondent seeks $11,412.50, for 20.75 hours of work that its attorney Kevin S. Koplin ("Koplin") expended in connection with the respondent's motion to compel, at an hourly rate of $550. In support of the motion, the respondent submitted Koplin's affidavit and the "Placement Agreement," pursuant to which the parties' FINRA arbitration was conducted. The

1

Placement Agreement requires the petitioner to indemnify the respondent for any reasonable attorney's fees incurred in connection with the Placement Agreement. Koplin states that the assigned district judge determined previously in this action that his hourly rate of $550 is reasonable, referencing Docket Entry No. 39. Koplin states that he is the sole attorney handling this matter, and his 20.75 hours of work "related to compelling the Judgment Debtor to comply with the information subpoenas" consist of: (i) 3 hours, on May 10, 2019, drafting a letter requesting an informal conference; (ii) .75 hours, on June 4, 2019, preparing for a telephonic conference; (iii) 4.5 hours, on June 9, 2019, researching and drafting the motion to compel; (iv) 5 hours, on June 10, 2019, drafting the motion to compel and locating necessary exhibits; (v) 2 hours, on June 11, 2019, drafting the motion to compel; (vi) 3.5 hours, on June 19. 2019, reviewing the opposition to the motion, researching and drafting the reply; and (vii) 2 hours, drafting the reply.

"The awarding of attorneys' fees in diversity cases . . . is governed by state law, which, in the case of New York, requires, in the absence of an agreement among the parties, statutory authorization for such an award." Grand Union Co. v. Cord Meyer Dev. Co., 761 F.2d 141, 147 (2d Cir. 1985) (citations omitted). In determining reasonable attorney's fees in New York, courts consider the following factors: "time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; the lawyer's experience, ability and reputation; the amount involved and benefit resulting to the client from the services; the customary fee charged by the Bar for similar services; the contingency or certainty of compensation; the results obtained; and the responsibility involved." In re Estate of Freeman, 34 N.Y.2d 1, 9, 355 N.Y.S.2d 336, 341 (1974).

The parties' Placement Agreement provides for the payment of attorney's fees. Upon review of the evidence submitted in support of the motion, the Court finds that: (a) Koplin's hourly rate, $550, is reasonable, as previously found by the assigned district judge in this action; and (b) 20.75, the number of hours Koplin expended in connection with the respondent's motion to compel is reasonable. Koplin provided sufficient details justifying the hours expended. The Court finds that the amount of $11,412.50 constitutes reasonable attorney's fees in connection with the respondent's motion to compel. Accordingly, the respondent's application, Docket Entry No. 83, is granted,

Dated: New York, New York
April 14, 2020

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE