rUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FIRST CAPITAL ESTATE INVESTMENTS, LLC, :
a California Limited Liability Company,
                                                                :
                              Petitioner,
                                                                :

              v.
                                                                :         **MEMORANDUM AND ORDER**

SDDCO BROKERAGE ADVISORS, LLC,
                                                                :              18-CV-2013 (JGK) (KNF)
                              Respondent.
----------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Before the Court is the respondent's motion, pursuant to "Rules 26, 37, 45, 62, and 69 of

the Federal Rules of Civil Procedure," for an order holding the petitioner and its managing

member Suneet Singal ("Singal") in contempt, imposing sanctions on the petitioner and Singal

and awarding attorney's fees and expenses.  The petitioner opposes the motion.

## RESPONDENT'S CONTENTIONS

In March 2019, the respondent served an information subpoena on the petitioner, who

provided its response on June 6, 2019.  The respondent served a second information subpoena in

April 2019, but the petitioner failed to respond, resulting in the Court's January 21, 2020 order

directing the petitioner to respond to the April 5, 2019 subpoena, on or before January 28, 2020.

On January 28, 2020, the respondent's counsel, Kevin S. Koplin ("Koplin"), received an email

from Cindy Campbell ("Campbell"), director of the petitioner's national operations, identifying

herself as Singal's assistant and asking if she could send the petitioner's response to the April

2019 information subpoena directly to counsel.  Koplin consented to receiving the petitioner's

response from Campbell.  "Attached to Campbell's second email was [the petitioner's] long-

awaited answer to the April 2019 Information Subpoena" that was sworn to under oath by

1

Singal.  On January 30, 2020, Campbell provided Koplin "with a link to an account at Box, an online storage platform, that only contained [the petitioner's] bank statements."  According to the respondent, the April 2019 information subpoena contained 48 requests, and the responses to request Nos. 7-8, 11, 13-14, 26-32 and 36-38 demonstrate that the petitioner and Singal did not attempt diligently to respond in a reasonable manner.

The respondent asserts that the Court's January 21, 2020 order was clear and unambiguous because the petitioner "was ordered to produce detailed information regarding its assets that would have allowed [the respondent] to identify them and take the necessary legal steps to have" the petitioner satisfy the arbitration award.  The petitioner "failed to produce such information and, thus, its noncompliance is clear and convincing."  Moreover, the petitioner's answers to the April 2019 information subpoena, "with more than half of its responses either referencing useless bank statements or comprising sub-twenty-word sentences when highly detailed information was required, is evidence" of the petitioner's lack of diligence in attempting to comply with the Court's January 21, 2020 order.  The respondent asserts that the petitioner and Singal, as the sole owner and managing member" of the petitioner, "violated the Order and should be held in contempt."

The respondent maintains that sanctions should be imposed to coerce compliance with the January 21, 2020 order, as it is concerned that the petitioner "will engage in actions that will cause" its assets "to disappear," in light of a Securities and Exchange Commission ("SEC") complaint filed against the petitioner, Singal and others.  To motivate compliance, the petitioner and Singal "should be jointly and severally fined $25,000 plus $1,000 a day, doubling each day, until they comply with the Order."  Moreover, the sanction should be retroactive to January 28, 2020, the due date for compliance.

In support of the motion, the respondent submitted Koplin's declaration with: (1) Exhibit A, the petitioner's June 6, 2019 response to the March 2019 subpoena; (2) Exhibit B, "email correspondence from January 28, 2020, and January 30, 2020, between the undersigned and Cindy Campbell"; (3) Exhibit C, the petitioner's response to the April 2019 information subpoena; (4) Exhibit D, "a Form 8-K filing obtained from the online database, commonly known as EDGAR, of the [SEC]" disclosing that on February 5, 2016, the petitioner "entered into an interest contribution agreement with third-party entities"; (5) Exhibit E, a Form 8-K filing disclosing that on June 9, 2016, the petitioner entered into a loan agreement with a third-party entity; (6) Exhibit F, "a placement agreement dated June 23, 2016," by which the petitioner engaged the respondent to provide third-party marketing services; (7) Exhibit G, a Form 8-K filing disclosing that on August 15, 2016, the petitioner made a strategic investment in a third-party; (8) Exhibit H, "a press release dated March 30, 2017, announcing" that the petitioner "would be acquiring a third-party entity"; (9) Exhibit I, the April 20, 2017 agreement between the petitioner and its counsel; (10) Exhibit J, a form 8-K filing disclosing that on December 22, 2017, the petitioner "entered into an agreement with affiliated and third-parties regarding limitations [sic] their activities to various interests"; (11) Exhibit K, "a complaint filed by the SEC on December 13, 2019, against" Singal, the petitioner and other affiliated entities; and (12) Exhibit L, the documents the petitioner made available via a Box online storage account provided by Campbell.

## PETITIONER'S CONTENTIONS

The petitioner contends that the Court should decline to certify facts respecting contempt because the respondent concedes that the petitioner complied with the Court's January 21, 2010 order timely, when its counsel received "an email attachment" from Campbell.  Concerning the

responses to request Nos. 13, 26, 38 and 44, the respondent "does not identify the information that [the petitioner] failed to provide and does not explain the basis for its belief that there is additional information that" the petitioner did not provide.  With respect to request No. 11, the respondent asserts that it identified in public filings seven agreements that the petitioner "entered into since January 1, 2016," but "does not explain the basis for its belief that there is additional information that" the petitioner did not provide.

The petitioner asserts that the Court should decline to certify facts, respecting sanctions, including attorney's fees, because the petitioner "timely answered the subpoena, in full compliance with the express direction of the Order."  To the extent that the respondent is not satisfied with certain responses, "it neither objected to the answer nor filed a motion to compel further responses, as it had done regarding the first subpoena."  Moreover, "there is nothing in the record to warrant a finding that [the petitioner's] timely answer was submitted in bad faith, as is required for the imposition of such a sanction."

In support of its opposition, the petitioner submitted: (i) an affirmation by its attorney, Joshua D. Brinen, stating that the petitioner's opposition "is filed solely on behalf of" the petitioner; and (ii) Singal's affidavit, stating that he is not a party to this action, was not a party to the underlying FINRA proceeding, and he answered the April 2019 information subpoena in his corporate capacity as the petitioner's managing member.

## LEGAL STANDARD

"The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  Fed. R. Civ. P. 45(g). In a civil case, such as this one, where the parties have not consented to the jurisdiction of a

United States magistrate judge for all purposes, and an act constitutes a civil contempt, "the

magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be

served, upon any person whose behavior is brought into question under this paragraph, an order

requiring such person to appear before a district judge upon a day certain to show cause why that

person should not be adjudged in contempt by reason of the facts so certified."  28 U.S.C. §

636(e)(6).  "In certifying the facts under Section 636(e), the magistrate judge's role is 'to

determine whether the moving party can adduce sufficient evidence to establish a prima facie

case of contempt.'"  Bowens v. Atlantic Maint. Corp., 546 F.Supp.2d 55, 71 (E.D.N.Y.2008)

(citation omitted).  "Under the certification process, the magistrate judge may conduct a

hearing."  Hunter TBA, Inc. v. Triple V. Sales, 250 F.R.D. 116, 118 (E.D.N.Y.2008).  "The

district court, upon certification of the facts supporting a finding of contempt, is then required to

conduct a de novo hearing at which issues of fact and credibility determinations are to be made."

Bowens, 546 F.Supp.2d at 71.  "Absent magistrate judge certification, a district court may not

proceed further on a motion for contempt where the conduct at issue occurred before a

magistrate judge."  Church v. Steller, 35 F.Supp.2d 215, 217 (N.D.N.Y.1999) (citing Nova

Biomedical Corp. v. i-Stat Corp., 182 F.R.D. 419, 423–24 (S.D.N.Y.1998)).  "A party may be

held in civil contempt for failure to comply with a court order if '(1) the order the contemnor

failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and

convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable

manner.'"  Paramedics Electromedicina Comercial, LTDA v. GE Med. Sys. Info. Techs., Inc.,

369 F.3d 645, 655 (2d Cir. 2004) (quoting King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d

Cir.1995)).

## APPLICATION OF LEGAL STANDARD

*Motion Against Singal*

The respondent seeks an order holding Singal in contempt and imposing sanctions on him for failure to comply with the Court's January 21, 2020 order, which granted, in part, the respondent's motion to compel and directed the petitioner to answer the respondent's April 5, 2019 information subpoena, on or before January 28, 2020.  However, the respondent's motion to compel compliance with the information subpoenas was made against the petitioner and Brinen not Singal.  See Docket Entry No. 56-1.  Since the respondent's motion was not made against Singal, the Court's January 21, 2020 order did not direct Singal to do anything.  See Docket Entry No. 66.  The Court's January 21, 2020 order not having been directed at Singal, Singal could not have failed to comply with it.  Therefore, that part of the respondent's motion directed against Singal is denied.

*Motion Against the Petitioner*

The Court's January 21, 2020 order was clear and unambiguous, directing the petitioner to respond the respondent's April 5, 2019 information subpoena, on or before January 28, 2010, and the petitioner does not assert the contrary.  As the petitioner points out correctly, the respondent concedes that, on January 28, 2020, it received the petitioner's "long-awaited answer to the April 2019 Information Subpoena" as an attachment to Campbell's "second email."  Thus, the respondent established, by clear and convincing evidence, that the petitioner complied with the Court's January 21, 2020 order, which is directly opposite to the requirement for civil contempt: establishing a prima facie case of noncompliance with a court's order.  That the petitioner's response to the respondent's April 5, 2019 information subpoena was deficient is not sufficient evidence for establishing a prima facie case of civil contempt.

The Court declines to certify facts for a finding of civil contempt, because the respondent failed to adduce sufficient evidence establishing a prima facie case of civil contempt.  See Bowens, 546 F.Supp.2d at 71.  As no sufficient evidence exists to be certified in connection with civil contempt, sanctions to coerce the alleged contemnor's compliance with the Court's order, including attorney's fees are not warranted.  Accordingly, the respondent's motion for a finding of contempt and the imposition of sanctions, Docket Entry No. 73, is denied.

Dated:   New York, New York
         April 14, 2020                                SO ORDERED:


                                               _Kevin Nathaniel Fox_____
                                               KEVIN NATHANIEL FOX
                                               UNITED STATES MAGISTRATE JUDGE